# STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| Vermont Unit | Docket No. 50-4-13 Vtec |

| Budget Inn NOV | DECISION ON THE MERITS |
|---|---|

This appeal arises from a Notice of Violation ("NOV") issued by the City of Barre ("the City") citing Daat, Inc. and its principal, David Singh, ("Appellants"), for violating the City of Barre Zoning Regulations ("the Regulations"). The City argues that Appellants' practice of letting rooms to individuals for longer than 30 days is not allowed under the current Regulations without conditional use approval. Appellants appealed the City's NOV regarding this use to the City of Barre Development Review Board ("the DRB"). When the DRB affirmed the NOV, Appellants filed a timely appeal with this Court. Appellants filed a motion for summary judgment which the Court denied by written entry order. In re Budget Inn Nov, No. 50-4-13 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Nov. 19, 2013) (Durkin, J.). After the parties were given an opportunity to prepare for trial, the Court held a site visit at the subject property followed by a single-day merits hearing at the Environmental Division Courtroom in Berlin, Vermont on February 18, 2014. Appellant David Singh and his attorney, Paul S. Gillies, Esq., and the attorney for the City, Robert Halpert, Esq., attended the site visit and merits hearing. After completion of the hearing, the Court granted the parties' request to file proposed findings of fact and conclusions of law, which were filed on March 31 and April 2, 2014. Other writing obligations as well as administrative obligations caused a delay in the Court's completion of its research and writing of this Decision, and the Court offers its apology for this delay.

Based upon the evidence admitted at trial, including that which was put into context by the site visit, the Court renders the following Findings of Fact, Conclusions of Law, and the Judgment Order that accompanies this Merits Decision:

## Findings of Fact

1.      Appellants own a commercially-developed property, located at 573 North Main Street ("the Property"). David Singh, a principal of the Appellant corporation, purchased the property in 2007 after having worked at the property for the prior owner.

2.      The Property is located in the Commercial Zoning District ("C-District"), as that District is identified in Article 3 of the City of Barre Zoning Regulations, adopted Aug. 27, 2010 ("2010 Regulations"). Those Regulations govern the allegations made by the City against Appellant.

3.      At the time of Mr. Singh's purchase, the Property was developed for use as a twenty-four-room motel and has been operated in a similar fashion by Appellants for the duration of their management and ownership. Appellants operate the motel under the business name "the Budget Inn."

4.      Although the facts presented at trial were not exacting and somewhat lacking, it is likely that the Property was first converted to a hotel or motel use in the 1950s; the prior use was most likely a primary residence.

5.      The first zoning permit authorizing the operation of a motel was issued to the then owners of the Property in 1957. A copy of that zoning permit was admitted at trial as Exhibit 8. At that point or later, the motel on the Property was known as "the Heiress Motel."

6.      The Property improvements once also included multiple garage stalls. In 1961, a prior owner, a Mr. Michael Wobby, was issued a permit to demolish "5 single garage stalls." Exhibit 9.

7.      The duration of an individual's stay at the motel on the Property has varied over the years. Most recently, including since Mr. Singh's purchase in 2007, some of the rooms have been leased to individuals on a long-term basis, particularly over thirty days. Some of those individuals have used the leased motel room as their sole and principal residence.

8.      Appellants have leased six or more of the twenty-four rooms at the Budget Inn to individuals who occupied their leased room for thirty or more days. Some lessees have leased rooms for many months; at least one lessee has leased the same room for a number of years.

9.      Mr. Singh offered testimony that this practice of leasing about six rooms for extended stays preceded his and his corporation's ownership. However, his testimony and the testimony on this point from a lessee was not specific and lacked exact or even general dates, lengths of

2

stay, and whether the practice of such extended stays had been continuous. Based upon the evidence presented, we could not determine whether this practice had operated continuously (i.e. without a year or more interruption) prior to 2005.

10. City officials became concerned about Appellants' extended stay practices in late 2012 and early 2013. The City of Barre Zoning Administrator ("Administrator") first issued a notice to Appellants that their extended stay leasing practice violated the 2010 Regulations on January 11, 2013 ("NOV"). A copy of the NOV was admitted at trial as Exhibit 3.

11. The Administrator sent clarifying letters to Appellants on January 18 and 24, 2013. See Exhibits 4 and 5.

12. Mr. Singh responded to the NOV and other January 2013 correspondences, challenging the Administrator's assertion that his operation of the Budget Inn did not conform to the 2010 Regulations and asserting that, if his offering of extended stay leases did not conform, that the practice had continued since prior to his ownership and should therefore be regarded as a pre-existing, nonconforming use.

13. Prior to trial, Appellant had begun certain improvements to the Property, including (1) improvements to some of the individual rooms and (2) a reduction to fourteen of the total number of rooms available for use.

14. Appellants have reduced the number of rooms, sometimes to as few as two rooms at a time, that are leased by individuals for extended stays of thirty days or more. While we found Mr. Singh to be sincere in his representations, the Court remains uncertain that no more than two rooms have actually been leased for extended stays at any one time.

15. Sometimes, in an effort to avoid being subject to applicable landlord/tenant provisions, Appellants have required Budget Inn room lessees to move out of their individual room for a day, but have allowed the same lessee to return to the same room after leaving for a twenty-four hour period. Often times, Appellants will arrange for these extended stay lessees to temporarily stay at another motel that they own in the City. We do not regard this practice as an interruption of the lessee's extended stay at the Budget Inn.

16. Regardless of whether Appellants extended stay leasing practice conforms or should be allowed to continue (legal issues that are addressed in our Conclusions of Law Section, below),

Appellants have attempted to satisfy the need by low-income individuals to secure a stable and somewhat affordable residence in motel rooms for an extended period of time.

## Conclusions of Law

Appellants challenge the NOV on three separate grounds as described in the three Questions raised in their Statement of Questions in this appeal. Those Questions are:

1. Whether the Budget Inn is a preexisting, (allegedly) nonconforming use, and therefore exempt from recent changes to the Barre City Bylaws, as its practice of allowing residents to remain longer than 30 days was in place for many years before the City adopted regulations requiring "primarily" transient occupants at the motel.

2. Whether the practice of renting rooms primarily to persons who reside more than 30 days in a room at the Budget Inn was in place for longer than 15 years, thereby placing the "violation" (without admitting there is one) beyond the City's ability to enforce. 24 V.S.A. § 4454(a) (fifteen years); Barre City Bylaws, § 14.3.05(3) (ten years, application only to subsequent purchasers, burden on respondent to prove when "violation" first occurred).

3. Whether the Budget Inn is primarily for transients; whether the few units that are rented longer than 30 days, as compared to units that are rented for 30 days or less, are sufficient in number to justify a defense to a claim that the Inn is not in accord with present Barre City zoning bylaws.

(Appellants' Notice of Appeal and Statement of Questions at 1–2, filed Apr. 24, 2013). We address these three issues in turn.

## I.     Preexisting Nonconforming Use

Appellants first argue that the practice of allowing guests to stay longer than 30 days pre-dates the enactment of the applicable provisions of the 2010 Regulations and should therefore be regarded as a preexisting nonconforming use. Nonconforming uses are exempted from the general requirement of complying with the current zoning regulations, both by statute and the Regulations themselves. A "nonconforming use" is defined by statute as a "use of land that does not conform to the present bylaws but did conform to all applicable laws, ordinances, and regulations prior to the enactment of the present bylaws, including a use improperly authorized as a result of error by the administrative officer." 24 V.S.A. § 4303(15). Thus, "[i]n order to determine whether a landowner has the right to continue a nonconforming use, it is necessary first to determine when the use was once lawful, and then to determine which

4

amendment to the zoning ordinance made the use nonconforming and what was the extent or level of the use at that time." In re Wesco Inc. NOV, No. 106-5-07 Vtec, slip op. at 13–14 (Vt. Envtl. Ct. Mar. 6, 2008) (Wright, J.) (citations and footnote omitted).

In denying Appellants' motion for summary judgment, the Court noted that Appellants would "have the opportunity at trial to establish through admissible evidence that the past use was in conformance with past regulations and the extent of the use at that time." In re Budget Inn Nov, No. 50-4-13 Vtec, slip op. at 3. We therefore now review the evidence presented to determine if Appellants have presented evidence to support a legal conclusion that the complained-of use was once lawful.

We interpret the applicable legal standard somewhat strictly, since the issue presented is whether Appellants may continue a use of their commercial property that they concede does not conform to the current zoning regulations. As a general rule, lawful, preexisting nonconforming uses or structures must be allowed to continue. However, "[o]ne of the primary goals of zoning is to gradually eliminate nonconforming uses because 'they are inconsistent with the purpose of developing use-consistent areas in communities.'" In re Casella Waste Mgmt., Inc., 2003 VT 49, ¶ 9, 175 Vt. 335 (quoting In re Gregoire, 170 Vt. 556, 558 (1999) (mem.)). This recognizes that the "prime purpose behind zoning is to bring about the orderly physical development of a community by confining particular uses to defined areas." Gregoire, 170 Vt. at 558 (citing Vermont Brick & Block, Inc. v Village of Essex Junction, 135 Vt. 481, 483 (1977)). Thus, while we respect the rights of a landowner, such as Appellants here, to continue with lawful nonconformities, we also must recognize a community's lawful right to cease non-lawful or expanded nonconformities. Id.

Appellants presented some evidence that as far back as 2000, some of the rooms at the motel may have been let for a period of time exceeding 30 days. This, however, is not sufficient to establish a preexisting nonconforming use, since this evidence does not suggest that the practice was then lawful.

We next note that we interpret a zoning ordinance using the familiar rules of statutory construction and will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262 (citations omitted). We will therefore "adopt a construction that implements the

ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 (quotations omitted).

The Regulations in effect from 1974 to 2003 defined a "motel" use as a "building containing rooms which are rented as sleeping units for motor vehicle transients." The plain and ordinary meaning of the words used does not contemplate extended stays by area residents for an indeterminate period of time. From 2003 to 2010, the use "Accommodation, Motel & Hotel" was defined as "[a] use of land for the provision of temporary sleeping facilities for travelers for a fee and for limited periods of time." This definition was maintained in the 2006 Regulations, but changed in the 2010 Regulations as discussed in Section III of this Decision below.

Appellants' primary contention is that it they should be permitted to continue the practice of letting a small number of rooms for extended stays to the extent that those rooms are used currently and have been in the past. We conclude that Appellants have failed to meet their burden to establish a lawful preexisting nonconforming use, since the letting of rooms for stays of indefinite lengths was not defined as lawful in the former regulations that were in effect at the earliest time Appellants can show that that use began. Appellants therefore have no vested right to continue this practice because they have failed to show that it was ever lawfully established.

We further note that each version of the zoning regulations in effect during Appellants' management and ownership restricted nonconforming uses to those shown to have been used continuously, that is, not abandoned for a year or more at some period of time. In fact, the applicable provision—§ 4.7.02(3)—has remained unchanged when the City of Barre chose to amend its zoning regulations on the effective dates of August 5, 2003, July 18, 2006, and August 27, 2010. See Appellants' Exhibits D, E, and F. While Mr. Singh testified credibly that the practice of letting out some rooms for extended stays has occurred continuously, we received no credible evidence that the practice occurred continuously for any time prior to Appellants' management and ownership. We therefore conclude that the facts presented do not show that the pre-existing practice of letting out some rooms for extended stays began at a point when such a practice was lawful or authorized under the then-existing zoning regulations.

6

**II.**      **Statute of Limitations on Enforcement Actions**

Appellants' second Question asks whether the statutory or regulatory statute of limitations on zoning enforcement actions precludes enforcement against Appellants for the use of a limited number of rooms for extended stays longer than 30 days. Pursuant to 24 V.S.A. § 4454(a):

> An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions of any required municipal land use permit may be instituted . . . if the action, injunction, or enforcement proceeding is instituted within 15 years from the date the alleged violation first occurred and not thereafter . . . . The burden of proving the date the alleged violation first occurred shall be on the person against whom the enforcement action is instituted.

Additionally, the Regulations provide that "[a]n enforcement action relating to any municipal land use permit must be instituted within ten (10) years of the date of when the alleged violation first occurred and not thereafter . . . ." 2010 Regulations § 14.3.05(3)(a). This shortened statute of limitation does not apply to the landowner who created the violation but only to a subsequent purchaser and continued the burden of proof upon "the person against whom the enforcement action is instituted." Id.

We also note that this Court has previously concluded that these limitation provisions do not bar enforcement of even long-standing use violations because "use violations are analyzed as continuing or recurring violations." City of Burlington v. Richardson, No. 188-10-03 Vtec, slip op. at 12 (Vt. Envtl. Ct. June 27, 2006) (Wright, J.). The Court noted that while the statutory limitation would bar enforcement actions seeking penalties or injunctive relief for alleged unlawful uses that occurred more than fifteen years prior to the action, an enforcement action would not be barred if the use violations occurred within fifteen years of the action's commencement. Id.

On a related point applicable to the relevant facts in the pending appeal, the Vermont Supreme Court, in City of St. Albans v. Hayford, concluded that a use of property that violated the zoning regulations which had been passed within 15 years of the action to enforce them could not benefit from § 4454(a) when the use had never been lawfully established. 2008 VT 36, ¶¶ 10–11, 183 Vt. 596. The facts of the Hayford case are very similar to the appeal at bar. Appellants here did not establish that the use of the property for extended stays was ever

lawful.  It is therefore not exempt from an enforcement action under the 2010 Regulations.  A use violation that has never been legally established is subject to an enforcement action so long as the alleged use violation is ongoing.  By continuing to allow rooms to be let to residents who have stayed at the Appellants' motel for months, or in some cases years, Appellants continued to violate the 2010 Regulations and neither 24 V.S.A. § 4454(a) nor Regulations § 14.3.05(3) bar enforcement of the Regulations.[1]

### III. Whether a Violation of the Regulations Exists if the "Primary Use" is not for Extended Stays

Appellants final Question asks whether if the current use of the property, to allow up to six rooms to be let for stays longer than 30 days, is a violation of the Regulations.  Because Appellants' use of the property is not a legally established preexisting nonconforming use, it must comply with the uses allowed in the zoning district in which it is located.  The subject property is located within the C-District.  A permitted use in the C-District is "Accommodation, Hotel/Motel."   Regulations § 6, Table of Uses.   Another use category, "Accommodation, Extended Stay Hotel/Motel," is a conditional use in the C-District.  Id.  "Accommodation, Motel" is defined in the Regulations as:

> A use of a structure which (a) contains living and sleeping accommodations used primarily for transient occupancy to the general public on a daily basis for compensation, with the exception of the manager's or caretaker's unit, and (b) has convenient access to parking for the units occupants by way of separate entrances, outside the main building, into the individual units.

Id. at § 2.2.01.  "Accommodation, Hotel" is defined similarly but specifically requires that rooms be accessed through the main building and not through separate entrances outside the main building.  Id.  As the Budget Inn has separate entrances it does not fit the definition of "Accommodation, Hotel."  "Accommodation, Extended Stay Motel/Hotel" is defined as:

> A hotel or motel containing furnished apartment-type units rented on a short term basis each with a kitchen (including stove with an oven or micro-wave oven, minimum twelve (12) cubic feet refrigerator, sink, and cooking and eating

---

[1]  We recognize that the City has not yet chosen to institute an enforcement action against Appellants and that the only legal issues before us are those that Appellants have raised in this appeal from the NOV determinations by the Administrator and then the DRB.  However, since we regard the serving of a notice of alleged zoning violation upon a property owner or user as the initial step in a municipality's efforts to compel conformance with its zoning regulations, we believe the reference to enforcement actions is appropriate here.

utensils), bath, living space, and separate bedroom/sleeping space. No more than fifteen percent (15%) of the units shall contain more than one bedroom. Guests shall not stay for more than one hundred eighty (180) days in any three hundred sixty five (365) day period.

Id. Appellants contend that so long as the use of the motel is "primarily for transient occupancy to the general public on a daily basis for compensation" a number of rooms, specifically the six rooms that are currently being let to residents who have stayed longer than 30 days, can be let for stays longer than 30 days. Appellants contention is that so long as only a few rooms are let for long-term and non-transient occupancy, then the use of the motel remains a permitted "Accommodation, Motel" use and they have not violated the Regulations. For the reasons stated below, we conclude that Appellants' contention is in error.

First, as noted above, we must "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262 (citations omitted). Here, the City of Barre has set out a separate defined use for hotels and motels that wish to offer extended stays and that use is a conditional use in the C-District meaning that Appellants would require another permit if they wished to establish such a use. Furthermore, even in the use category designated as extended stay motels the Regulations do not permit stays for longer than 180 days within any three hundred sixty five day period. Considering these Regulations as a whole we cannot read the "Accommodation, Motel" use to include the letting of any rooms for indefinite stays of months or years.

We note that no party asserts that Appellants' use of the Budget Inn for "transient occupancy [by] the general public" violates the Regulations. That use is undisputedly lawful. Yet Appellants appear to assert that since they use their motel "primarily" for a permitted purpose, they should be allowed to also use their property for another purpose, for which they do not have a permit and which the Regulations specifically state may only be allowed after receipt of conditional use approval. The fact that this unpermitted use is similar to the principal use that is allowed (i.e.: extended stays vs. daily rentals) does not relieve Appellants of the

obligation to obtain conditional use approval, as directed by the Regulations, for their extended stay uses.[2]

Appellants' interpretation appears to stem from the less than clear use of the term "primary" in the 2010 Regulations. We did not receive clear testimony as to the rationale for the new use of "primary" when the 2006 Regulations were amended, effective in 2010. However, since many municipal zoning regulations speak to the "primary" use of a property and another use of a property, sometimes referred to as an "accessory" use of the property, we conclude that the use of the term "primary" in 2010 Regulations § § 2.2.01 is meant to signify the principal use of a property. The term infers that another use of the property may be allowed, but it does not, as Appellants appear to suggest, obviate the need for approval for that secondary use. If we were to follow Appellants' interpretation, a property owner could put their property to any secondary use, so long as the "primary" use was permitted. We find no support in the Regulations for this interpretation and decline to create it here.

Rather, as the City suggests, the word "primarily" is more properly read to modify the term "for transient occupancy" rather than the entire use category, and such an interpretation gives effect to the whole ordinance. Thus, temporarily displace local residents, or others who are not "transient," can certainly be served by a motel in the City. To hold otherwise would allow what is essentially a mix of two distinct uses, "Accommodation, Motel" and "Accommodation, Extended Stay Motel" within one structure without ever obtaining a permit for an extended stay motel and without complying with the stricter requirements for an extended stay motel use, such as separate sleeping spaces and kitchen facilities. This would contravene the clear intent of the drafters of the Regulations to treat the two uses differently. Furthermore, the manifest intent of the distinction is to provide additional amenities for those staying in a place for longer periods of time to ensure that a safe, healthy, and habitable living arrangement can be ensured. Thus, for extended stays, a kitchen, a living area, and a separate

---

[2]  We acknowledge that, if Appellants were able to show that their current use of the Budget Inn represented a lawful, pre-existing but now now-conforming use, it would be lawful for them to continue that use, even without conditional use approval. But since we have already determined in Section I, above, that Appellants failed to present sufficient evidence for this Court to conclude that such use was lawfully pre-existing, we do not address that in our analysis here.

10

sleeping area are all required. That none of these requirements exist for the "Accommodation, Motel" use indicates that that use category is not intended to allow for extended stays.

Furthermore the definition discusses stays being "on a daily basis." We agree with the City's interpretation that the letting of any rooms to local residents for stays exceeding 30 days is not a use "primarily for transient occupancy to the general public on a daily basis for compensation." While the Regulations do not include any 30 day requirement, we find that when a stay continues beyond 30 days, the accommodations can no longer be reasonably said to be "on a daily basis" and therefore a motel or hotel that wishes to allow for stays longer than 30 days must obtain a conditional use permit as an extended stay motel or hotel. This is also supported by the different treatment of motel residents who stay longer than 30 days under the Vermont Tax Code, which defines "permanent resident" as "any occupant who has occupied any room or rooms in a 'hotel' for at least 30 consecutive days." 30 V.S.A. § 9202(7); 30 V.S.A. § 9202(3) (defining "hotel" as including "motels"); see In re Williston Inn Group, 2008 VT 47, ¶ 9, 183 Vt. 621 (noting that the meals-and-rooms tax is not due when the occupant of the room is a permanent resident of a hotel as defined in § 9202(7)). Thus, we conclude that stays longer than 30 days are not permitted in an "Accommodation, Motel" use within the City of Barre.

## Conclusion

Because some rooms at Appellants' motel are being let to persons who have resided there for significantly longer than 30 days, because that use is not a lawful preexisting nonconforming use, and because enforcement of the 2010 Regulations is not barred by any statute of limitations, Appellants are in violation of the Regulations. We therefore **AFFIRM** the Notice of Violation issued to Appellants by the City of Barre. This completes the current proceedings before this Court. A Judgment Order accompanies this Merits Decision.

Electronically signed on May 5, 2015 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

11